FILED
MISSOULA, MT

2006 JUN 2 PM 3 15

IN THE UNITED STATES DISTRICT COURT PATRICK E. DUFFY

BY _____

FOR THE DISTRICT OF MONTANA    DEPUTY CLERK

MISSOULA DIVISION

| | |
|---|---|
| WAYLAND P. HARRIS, | ) CV 03-168-M-DWM |
| | ) |
| Petitioner, | ) |
| | ) ORDER |
| vs. | ) |
| | ) |
| MIKE MAHONEY, | ) |
| | ) |
| Respondent. | ) |
| | ) |

On October 27, 2004, United States Magistrate Judge Leif B.
Erickson entered Findings and Recommendations on this matter.
(doc. 7). On November 10, 2004 (doc. 8), Harris timely objected.
He is thus entitled to a *de novo* review of the record. Harris is
a state prisoner proceeding *pro se*.

Harris's petition under 28 U.S.C. § 2254 raises four grounds
for relief. First, Harris asserts that he was denied due process
based on an inconsistent verdict at trial. He explains that his
conviction of incest on Count III from the time period of November,
1988, through January 1, 1997, is a legal impossibility, since the
jury found him not guilty of acts of sexual intercourse between
November 1988 and November 21, 1991. Second, Harris maintains that
he was denied due process in his sentencing because he was
sentenced to twenty years rather then the statutorily mandated ten

-1-

that would have applied had the court employed the statute in effect at the time the crime was committed.  Third, Harris claims ineffective assistance of counsel due to trial counsel's failure to perform any investigation and failure to object to testimony about the victim being hospitalized.  Lastly, Harris alleges that he was denied a fair trial for two reasons.  First, the trial judge refused to recuse himself from hearing Harris's postconviction petition, and second, Harris felt compelled to proceed *pro se* because the attorney appointed to represent him at his postconviction evidentiary hearing, Scott Spencer, had previously been opposing counsel in a civil matter.

In his Findings and Recommendation, Judge Erickson concluded that Harris's first three claims were procedurally defaulted and that Harris could show neither cause and prejudice nor a fundamental miscarriage of justice to excuse his default.  Judge Erickson then considered Harris's final claim on the merits and found that it failed to raise a federal issue.  In sum, Judge Erickson recommended that Harris's petition be denied.

### A. Fourth Claim

Harris's fourth ground for habeas relief, denial of the right to a fair trial, was exhausted at the state court level and is judged here on its merits.  28 U.S.C. § 2254(d)(1) demands that much deference be given to state court rulings in federal habeas corpus review on both legal and factual determinations.  *Clark v.*

-2-

*Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003). 28 U.S.C. § 2254(d)(1) provides that "an application for a writ of habeas corpus" may only be granted if the ruling is "contrary" to clearly established federal law. *See generally Lockyer v. Andrade*, 538 U.S. 63, 73 (2003); *Ortiz-Sandoval v. Clarke*, 323 F.3d 1165, 1169-1170 (9th Cir. 2003). Moreover, when a federal court reviews state court decisions about factual determinations in accordance with 28 U.S.C. § 2254(d)(2), the federal court must again give deference to the state court unless its findings can be overcome by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Jeffries v. Wood*, 114 F.3d 1484, 1499-1500 (9th Cir. 1997).

Harris does not meet the burden of proving a denial of the right to a fair trial. Harris claims that the district court judge should have recused himself, but fails to show that the challenged judge held a "deep-seated favoritism or antagonism that would make fair judgement impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Instead, Harris only bases his request for recusal on the fact the judge made decisions adverse to Harris's interest, which the Montana Supreme Court rightly found to be an inadequate reason for recusal. *See, e.g., Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999). Moreover, state law, like federal law, requires that the judge who sentenced the petitioner should preside over any postconviction proceedings. *See* Mont. Code Ann. § 46-21-101(1); 28 U.S.C. § 2255, para. 1. The Montana Supreme Court's

-3-

decision on this matter was not contrary to federal law, was not an unreasonable employment of federal law, and was not a misapplication of the law to facts presented.

Harris also alleges that the district court denied him the right to a fair trial by not appointing him a conflict-free attorney for his postconviction evidentiary hearing.  The Montana Supreme Court was correct in holding that Harris failed to show the appointed attorney had a conflict of interest.  The fact that counsel had opposed Harris years earlier in a civil suit is not enough to establish a conflict.  Additionally, there is no federal constitutional right to counsel in state post-conviction proceedings, so conflicted or not, the appointment of counsel here bears no weight in the decision regarding federal habeas relief. *See Coleman*, 501 U.S. at 722.

### B. First, Second, and Third Claims

Harris's first three claims are procedurally defaulted. Harris raised his inconsistent verdict claim on direct appeal, but he did not assert a violation of due process under the United States Constitution.  Similarly, Harris's claim that his sentence should be ten rather than twenty years was never specifically brought before the state courts; instead, Harris generally maintained that the twenty-year statute did not seem applicable.[1]

---

[1] Even if Harris had raised the specific statutory difference argument on direct appeal in state court, it would still be procedurally defaulted, because Harris does not explain why this

-4-

Because he did not "fairly present" the federal due process issue and the specific sentencing argument to the state courts in his direct appeal, Harris did not exhaust the remedies available to him as called for by 28 U.S.C. § 2254(b)(1)(A) and 28 U.S.C. § 2254(c). *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). Harris's third claim, alleging ineffective assistance of counsel at trial for failing to investigate and failing to object to testimony regarding the victim's hospitalization, should have been raised in Harris's postconviction petition. Since it was raised for the first time in Harris's second appeal from denial of postconviction relief, it too was not "fairly presented" to the state courts. This Court deems these claims exhausted because Mont. Code Ann. § 46-21-102(1) sets a one year limit on post-conviction petitions.

However, the question then becomes one of procedural default. The one-year statutory procedural bar is firmly established and consistently applied by the courts of the State of Montana, so it is an "adequate and independent ground for the preclusion of relief." *Harris v. Reed*, 489 U.S. 255, 263 (1989). Consequently, and appropriately, Judge Erickson ordered Harris to show either cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default.

Given the state of the law at the time Judge Erickson entered

---

would violate the United States Constitution or Supreme Court precedent.

his Findings and Recommendation, his conclusion that Harris failed to show cause or a fundamental miscarriage of justice was correct.[2] However, since that time, the Ninth Circuit Court of Appeals has held that a petitioner who is represented by the same counsel at trial, on direct appeal, and in postconviction proceedings may be able to show cause to excuse the procedural default of claims that should have been raised either on direct appeal or in postconviction proceedings. *See Moormann v. Schriro*, 426 F.3d 1044, 1058 (9th Cir. 2005). Harris was represented by Ed Sheehy at trial and on direct appeal, and Sheehy drafted his postconviction petition. In light of the *Moormann* decision, the Court will revisit Judge Erickson's conclusions.

On the merits, Harris is not entitled to relief on his first or second claim. First, the verdicts are not necessarily logically inconsistent. The jury might simply have made a mistake, or decided to show mercy, when it voted to acquit Harris of the alleged acts of sexual intercourse between November 1988 and November 21, 1991. *See, e.g., United States v. Powell*, 469 U.S. 57, 64-65 (1984). Alternatively, the jury might have unanimously agreed that Harris did not commit incest until after November 21, 1991. This possibility also dispenses with Harris's second claim,

---

[2] Judge Erickson correctly rejected Harris's contention that a DNA test would show that he was not the donor of a sample found on one piece of lingerie. Harris's alleged innocence of that particular incident does not equate to innocence of incest over a seven-year period.

since the ten-year maximum applied only to offenses committed before April 27, 1991. *See* Mont. Code Ann. § 45-5-507(3); 1991 Mont. Laws ch. 687, § 5. The jury was not legally required to find that Harris committed incest throughout the whole of the period alleged in the Information in order to convict him; any instance of incest within that period was sufficient. Consequently, Harris is not entitled to relief on the merits of his first two claims.

The third claim cannot be decided on the merits at this point, because it depends on proof that is not in the record before the Court. The State will be ordered to file the transcript of Harris's postconviction evidentiary hearing in May of 2002.[3]

Accordingly, IT IS HEREBY ORDERED as follows:

1. Judge Erickson's Findings and Recommendations of October 27, 2004 (doc. 7), are ADOPTED as to Harris's first, second, and fourth claims. Those claims are DENIED on the merits;

2. The Clerk of Court shall serve Respondent Mahoney and the Attorney General of the State of Montana with a copy of the Petition (doc. 1), the Findings and Recommendation (doc. 7), and this Order;

3. No Answer or motion is required at this time. On or

---

[3]      The Montana Supreme Court noted that Harris did not "present any evidence on these claims at the [postconviction] hearing on remand." Order at 9, ¶ 32, *Harris v. State*, No. 02-416 (Mont. Sept. 23, 2003). However, the complete transcript is required to verify this statement.

-7-

before **July 17, 2006**, Respondent shall obtain and file the transcript of Harris's postconviction evidentiary hearing in state court in May 2002.   Respondent shall file the transcript electronically in sections of no more than 3MB each;

4.   Alternatively, if the transcript is more than 9MB, Respondent may mail a paper copy to the United States District Court, Pro Se Unit, P.O. Box 8537, Missoula, MT 59807.   If the transcript is mailed in paper form, Respondent shall file a Notice of Delivery of Transcripts.   Upon receipt of the documents in Missoula, the Court will ensure that the documents are filed in the record of the case;

5. Harris must keep the Court informed of his current mailing address.   Failure to do so may result in dismissal of this case without notice to him.

DATED this ___ day of _____ 2006.

Donald W. Molloy, Chief Judge
United States District Court